Wilkin, J.
It is apparent from the foregoing statement of facts and of the altercation between the parties that the contention narrows down to two questions of fact, namely: (1) Whether the plaintiff was a creditor of the Fremont Company at the time of the sale of its property to George B. Kerper and his associates; (2) Whether the sale was a bona fide transaction for a valuable consideration, or a mere collusivé transfer of title to a reorganization of the vendor company in fraud of its creditors, or a consolidation of the Fremont railway with the Findlay street railway by a merger of those two companies into a consolidated company under a new name known as the Traction Company.
It is unnecessary to consume time and space with a commentary on the facts. It is sufficient 'to say that this case was heard twice in each of the courts below. It comes to this court upon error to the judgment of the court of appeals rendered January 18, 1913.
One of the errors alleged in the court of appeals ■was that the common pleas court on a second trial *180 refused “to follow the opinion and judgment of the circuit court of Lucas county, Ohio, rendered and entered on substantially the same evidence, in the former proceedings in error herein.” The court of appeals reversed the judgment of the common pleas court for the reason that the decision and judgment of the latter court is against the weight of the evidence. And the plaintiff assigns here as one ground of error that the court of appeals has no power to reverse for that reason, the circuit court having once reversed for that reason.
An excerpt from the unanimous opinion of the court, rendered by Wildman, J., will exhibit the view which that court took of the case:
“Both the circuit court and the judge of the common pleas court, to whom the cause was submitted without a jury, seem in accord as to the good faith of the transaction, so far as the Traction Company is concerned, and there is not much attempt to charge the Fremont Company with such actual fraud. The trial judge, however, as we gather from his opinion, which has been transcribed and filed with the briefs of counsel, takes the view that by virtue of Section 8618 of the General Code, the transaction between the companieswas a conveyance constructively in fraud of creditors of the grantor, the Fremont Company. * * * While it was not embodied in an entry making separate statements of fact and law, we feel justified in considering it as an expression of the ground upon which the judgment was rendered. * * *
“The question which addresses itself to us is whether Pfisterer at the time of the conveyance *181 by the Fremont Company to the Traction Company, was a 'creditor’ within the meaning of .that part of the statute of frauds embodied in the section of the General Code relied upon by the trial court and to which reference has already been made. * * * The current of authorities is unbroken that, as to subsequent creditors, transfers will be set aside only upon proof of actual intent to defraud. In the case of Evans et al. v. Lezuis, 30 Ohio St., 11, the third paragraph of the syllabus is as follows: 'One having a valid cause of action, sounding in tort, against said grantor, at the time of such conveyance, upon which an action was subsequently brought and judgment recovered, is to be regarded as a subsequent creditor.’ * * *
“In White v. Gates, 42 Ohio St., 109, the case of Evans v. Lewis was cited approvingly with the statement .that the fact that an action was pending for damages at the time of the sale and transfer of the property was immaterial. The case .of Evans v. Lezvis was again followed in Stuard v. Porter, 79 Ohio St., 6. The circuit court of this county has also had occasion to pass upon the question with the same holdiñg. Detwiler v. Louison, 10 C. D., 95, 97.
“That the conveyance might be attacked, if made with the intent to defraud subsequent creditors is, of course, true, but to establish such intent the burden is upon the party asserting it, and it is not apparent in the case at bar that that burden has been sustained. * * * Indeed, it is clearly indicated by the record that all existing creditors, whose claims amounted in the aggregate *182 to some $70,000.00, including some claims then in litigation, were taken care of in the transaction. There is no suggestion that the Traction Company participated in any fraudulent intent, even if it existed in the minds of the Fremont Company or the persons arranging the transfer. * * * It. is almost inconceivable that such a transfer as that of the entire assets of the Fremont Company, amounting to over $200,000.00 in value, would be made for the purpose of avoiding payment of this one comparatively small claim. In our view of this case, it is of no moment that the transfer was made by a corporation instead of an individual. Numerous authorities might be cited in support of this opinion, but it is hardly necessary. Attention may, however, be called to the case of Graham v. Railroad Company, 102 U. S., 148, and especially the" discussion of the question by Mr. Justice Bradley, pages 153, 160 and 161. The closing words which are especially pertinent to this point are as follows: ‘We see no reason why the disposal by a corporation of any of its property should be questioned by subsequent creditors of the corporation, any more than a like disposal by an individual of his property should be so. The same principles of law apply to each.’ * * ■ *
“As the character of the plaintiff’s claim and the facts bearing upon the question which we have considered in this opinion are undisputed, the judgment will be entered, in this court which should have been entered in the court of common pleas, dismissing the action of the plaintiff below.”
*183 We concur in this opinion of the court of appeals. While it does not say in exact words that there is no evidence in support of the plaintiff’s contention, the language of the opinion seems to import as much. The finding in its journal entry is “that the judgment and decree entered by the court of common pleas * * * is not sustained by sufficient evidence, and is against the weight of the evidence,” which is precisely the finding made by the circuit court upon its review of the first trial. The record of the second trial shows a persistent effort of the plaintiff’s counsel to bring to light details of the transaction and of the relations of the parties, from which collusion and fraud could be inferred; but the testimony and the documents thus brought upon the record can hardly be said to give rise to such inference, and hence do not have the force and the value of proof of the fraud alleged. Nor do we think that the probative effect of the facts established by the testimony and the documents tends to establish constructive fraud; that is to say, a transaction not inspired by an actual evil purpose to deceive but tending nevertheless to mislead innocent persons and to beguile them of their rights, contrary to good public policy. Hence, we might say there is no proof to sustain this branch of the plaintiff’s case. Such is the impression the facts make upon the mind of this court.
However that may be, the plaintiff has utterly failed to make any proof that he was a creditor of the vendor company at the time of the sale, and therefore he has established no title to maintain *184 this suit as a prior creditor. Nor has he made any proof of actual fraud which would entitle him to maintain the action as a subsequent creditor. His evidence proves conclusively that he was not a creditor when the sale was made, and failing entirely to produce evidence of intentional design by the vendor or the vendee to defraud creditors, he has established no grounds for the remedy which he seeks. This puts an end to his contention. It is, therefore, not necessary to consider the other proposition which he makes, namely, that the court of appeals had no power to reverse the case the second time on the weight of the evidence, contrary to Section 11577, General Code.
The court of appeals having, as stated in its opinion, based its judgment on the plaintiff’s total failure to prove his title to maintain the suit, its judgment, both to reverse and to dismiss, was right in both aspects. Even though its journal entry does not accurately or fully state the grounds, if the judgment is right on any ground, it must be affirmed.

Judgment affirmed.

Shauck, Donahue and Newman, JJ., concur.
Johnson and Wanamaker, JJ., dissent.
Nichols, C. J., not participating.